Slip Op. 15-124

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| GLYCINE & MORE, INC., <br><br>           Plaintiff, <br><br>           v. <br><br> **UNITED STATES** <br><br>           Defendant, <br><br>           and <br><br> **GEO SPECIALTY CHEMICALS, INC.** <br><br>           Defendant-Intervenor. | **Before: Timothy C. Stanceu, Chief Judge** <br><br> **Court No. 13-00167** |

## OPINION AND ORDER

[Ordering a remand of a decision by the International Trade Administration, U.S. Department of Commerce, on withdrawal of a request for a periodic review of an antidumping duty order]

Date: November 3, 2015

*Ronald M. Wisla*, Kutak Rock LLP, of Washington D.C., argued for plaintiff Glycine & More. With him on the brief was *Lizbeth R. Levinson*.

*Stephen C. Tosini*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington D.C., argued for defendant United States. With him on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy,* Assistant Director. Of counsel on the brief was *Jessica M. Forton*, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

*David Michael Schwartz*, Thompson Hine LLP, of Washington D.C., argued for defendant-intervenor GEO Specialty Chemicals, Inc.

Stanceu, Chief Judge: Plaintiff Glycine & More, Inc. ("Glycine & More") contests the

final determination ("Final Results") issued by the International Trade Administration of the U.S.

Department of Commerce ("Commerce" or the "Department") to conclude an administrative

review of an antidumping duty order on glycine from the People's Republic of China ("PRC" or

"China").[1]  *Glycine from the People's Republic of China: Final Results of Antidumping Duty*

*Admin. Review; 2011-2012*, 78 Fed. Reg. 20,891 (Int'l Trade Admin. Apr. 8, 2013) ("*Final*

*Results*").  The administrative review at issue in this action covered the period of review

("POR") of March 1, 2011 to February 29, 2012.  *Id.*  Glycine & More is an affiliate of Baoding

Mantong Fine Chemistry Co., Ltd. ("Baoding"), a Chinese producer and exporter of glycine and

the sole respondent in the review.  Compl. ¶ 1 (May 20, 2013), ECF No. 6.  Glycine & More was

the importer of record for some of Baoding's export shipments of glycine during the POR and

participated in the underlying administrative proceeding.  *Id.* ¶¶ 1, 4.

Before the court is plaintiff's motion for judgment on the agency record, filed pursuant to

USCIT Rule 56.2.  56.2 Mot. for J. on the Agency R. (Jan. 31, 2014), ECF No. 28 ("Pl.'s Mot.").

Plaintiff claims that Commerce: (1) unlawfully refused, on the ground of untimeliness, to allow

Baoding to withdraw its request for review and, (2) upon completing the review, unlawfully

assigned Baoding a 453.79% antidumping duty margin based entirely on facts otherwise

available and an adverse inference.  Because the Department's decision as to Baoding's

withdrawal of the request for review was based on an unreasonable construction of the applicable

regulation, the court issues a remand of that decision and does not reach plaintiff's second claim.

---

[1] Glycine "is a freeflowing crystalline material, like salt or sugar" that is "produced at varying levels of purity and is used as a sweetener/taste enhancer, a buffering agent, reabsorbable amino acid, chemical intermediate, and a metal complexing agent."  *Antidumping Duty Order: Glycine From the People's Republic of China*, 60 Fed. Reg. 16,116, 16,116 (Int'l Trade Admin. Mar. 29, 1995).

## I. BACKGROUND

### A.  Proceedings before Commerce

Commerce issued the antidumping duty order on glycine from China (the "Order")

in 1995.  *Antidumping Duty Order: Glycine From the People's Republic of China*, 60 Fed.

Reg. 16,116 (Int'l Trade Admin. Mar. 29, 1995).  On March 1, 2012, Commerce notified

interested parties of the opportunity to request an administrative review of the Order.

*Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity*

*to Request Administrative Review,* 77 Fed. Reg. 12,559, 12,560 (Int'l Trade Admin.

Mar. 1, 2012) ("*Opportunity to Request Notice*").  In response to March 30, 2012 requests from

Baoding and defendant-intervenor GEO Specialty Chemicals, Inc. ("GEO"), petitioner in the

antidumping investigation, Commerce initiated the administrative review at issue in this action.[2]

*GEO Request for Admin. Review* (Admin.R.Doc. No. 1) ("*GEO Request for Admin. Review*");

*Baoding Mantong Request for Admin. Review* (Admin.R.Doc. No. 2); *Initiation of Antidumping*

*and Countervailing Duty Administrative Reviews*, 77 Fed. Reg. 25,401, 25,403 (Int'l Trade

Admin. Apr. 30, 2012) ("*Initiation*").  GEO requested that Commerce review sales of subject

merchandise by Baoding and twenty-five other producer/exporters.  *GEO Request for Admin.*

*Review* 2.

On July 10, 2012, Commerce selected Baoding as one of two mandatory respondents and

issued a questionnaire to Baoding.  *Respondent Selection Mem.* (July 9, 2012) (Admin.R.Doc.

No. 18) ("*Respondent Selection Mem.*"); *Antidumping Duty Questionnaire* (July 18, 2012)

---

[2] Although the relevant antidumping duty order was issued in 1995, periodic reviews were not conducted in every year following issuance of the order; the review at issue was only the sixth periodic review of the order that the International Trade Administration of the U.S. Department of Commerce ("Commerce" or the "Department") conducted.  *See* http://enforcement.trade.gov/frn/summary/prc/prc-fr.htm (last visited Oct. 29, 2015).

(Admin.R.Doc. No. 19).  On July 30, 2012, GEO withdrew its administrative review request as

to all twenty-six companies, including Baoding.  *Pet'r's Letter Withdrawing All Review Requests*

(Admin.R.Doc. No. 37).  On August 7, 2012, Baoding requested that Commerce, pursuant to

§ 351.213(d)(l) of the Department's regulations, extend the ordinary 90-day period for

withdrawal of a request for a periodic administrative review and thereby give effect to Baoding's

withdrawal of its review request.  *Baoding Mantong's Letter Requesting to Withdraw its Admin.*

*Review Request* (Admin.R.Doc. No. 39) ("*Baoding's Withdrawal Request*").  Because

Commerce gave effect to GEO's withdrawal of its request for review of all respondents,

including Baoding, the Department's also giving effect to Baoding's withdrawal of its review

request would have resulted in rescission of the administrative review at issue.  *See* 19 C.F.R.

§ 351.213(d)(l).[3]

      On August 22, 2012, Commerce notified Baoding that the agency was considering

Baoding's withdrawal of its review request and that Baoding was not required to respond to

questionnaires while Commerce considered whether to give effect to the withdrawal.

*Commerce's Letter Responding to Baoding's Withdrawal Request* (Admin.R.Doc. No. 46).  On

September 27, 2012, Commerce notified Baoding that it had rejected the withdrawal request on

the ground that Baoding had not shown an extraordinary circumstance warranting an extension

of time.  *Rejection of Baoding's Withdrawal of its Admin. Review Request* 1 (Admin.R.Doc.

No. 47) ("*Rejection of Baoding's Withdrawal Request*").  Commerce also established a deadline

for Baoding's questionnaire responses.  *Id.* at 2.  On October 18, 2012, Baoding notified

Commerce that the company would no longer participate in the administrative review and would

---

[3] Except where otherwise noted, citations to the United States Code and the Code of
Federal Regulations are to the 2012 editions.

not respond to the questionnaire.  *Baoding Withdrawal from the Admin. Review* (Admin.R.Doc.

No. 48).

Commerce published the preliminary results of the review on December 6, 2012,

preliminarily assigning Baoding a 453.79% antidumping duty margin based on facts otherwise

available and an adverse inference pursuant to section 776(b) of the Tariff Act of 1930 ("Tariff

Act"), 19 U.S.C. § 1677e.  *Glycine from the People's Republic of China, Preliminary Results of*

*Antidumping Duty Admin. Review and Preliminary Partial Rescission of Antidumping Duty*

*Admin. Review; 2011-2012*, 77 Fed. Reg. 72,817, 72,817 (Int'l Trade Admin. Dec. 6, 2012)

("*Prelim. Results*").  In the accompanying decision memorandum, Commerce explained that

because Baoding had failed to cooperate to the best of its ability by not responding to the

Department's questionnaire, Baoding was no longer eligible for a rate that is separate from the

rate assigned to companies considered to be part of an entity including the government of China.

*Issues & Decision Mem. for the Prelim. Results of Antidumping Duty Admin. Review & Prelim.*

*Partial Rescission of Antidumping Duty Admin. Review*, A-570-836, ARP 11-12, at 5-6

(Nov. 29, 2012) (Admin.R.Doc. No. 51), *available at*

http://enforcement.trade.gov/frn/summary/prc/2012-29543-1.pdf (last visited Oct. 29, 2015)

("*Prelim. Decision Mem.*").

Plaintiff Glycine & More entered a notice of appearance before Commerce on

December 17, 2012.  *Glycine & More Entry of Appearance* 1 (Admin.R.Doc. No. 53).  Glycine

& More subsequently filed a case brief objecting to the Department's rejection of Baoding's

request to withdraw the administrative review request and the application of a 453.79% dumping

margin to Baoding.  *Glycine & More's Comments on the Prelim. Results* 2-3, 6 (Jan. 7, 2013)

(Admin.R.Doc. No. 54).

On April 8, 2013, Commerce published the Final Results, which assigned to Baoding a

dumping margin of 453.79%.  *Final Results*, 78 Fed. Reg. at 20,891.  According to the Issues &

Decision Memorandum incorporated into the Final Results, Commerce obtained this rate from

the rate calculated for Baoding in the immediately preceding administrative review of the Order.

*Issues & Decision Mem. for the Final Results of the Antidumping Duty Admin. Review of Glycine*

*from the People's Republic of China*, A-570-836, ARP 11-12, 11-12 (Apr. 1, 2013)

(Admin.R.Doc. No. 57), *available at* http://enforcement.trade.gov/frn/summary/PRC/2013-

08108-1.pdf (last visited Oct. 29, 2015) ("*Issues & Decision Mem.*").  Baoding is contesting in

this Court the 453.79% rate Commerce assigned to it in that preceding review.  *See Baoding*

*Mantong Fine Chemistry Co., Ltd. v. United States*, Court No. 12-00362.

B.  Proceedings before the Court of International Trade

Glycine & More initiated this action by filing a summons on April 26, 2013 and a

complaint on May 20, 2013.  Summons, ECF No. 1; Compl., ECF No. 6.  Plaintiff filed its

Motion for Judgment on the Agency Record and an accompanying brief on January 31, 2014.

Def.'s Mot.; Mem. of P. & A. in Supp. of Pl.'s 56.2 Mot. for J. on the Agency R., ECF No. 28-1

("Pl.'s Br.").  Defendant and defendant-intervenor each opposed the motion, and plaintiff

replied.  Def.'s Mem. in Opp'n to Pl.'s R. 56.2 Mot. for J. Upon the Agency R. (Apr. 25, 2014),

ECF No. 32 ("Def.'s Opp'n"); Def.-Intervenor's Resp. Br. in Opp'n to Pl. Glycine & More,

Inc.'s R. 56.2 Mot. for J. upon the Agency R. (Apr. 25, 2014), ECF No. 33 ("Def.-intervenor's

Opp'n"); Reply Br. of Glycine & More (May 23, 2014), ECF No. 38 ("Pl.'s Reply").

The court held oral argument on September 9, 2014.  ECF No. 43.  Following oral

argument, defendant-intervenor filed a Notice of Supplemental Authority notifying the court of a

decision by the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") in *Dongtai*

*Peak Honey Indus. Co. v. United States*, 777 F.3d 1343 (Fed. Cir. 2015), which

defendant-intervenor submits is a precedent lending support to affirmance of the decision

challenged in this case.  Def.-Intervenor's Notice of Supplemental Authority (Feb. 4, 2015), ECF

No. 44.

## II. Discussion

### A.  Jurisdiction and Standard of Review

The court exercises jurisdiction according to section 201 of the Customs Court Act

of 1980, 28 U.S.C. § 1581(c), under which the U.S. Court of International Trade is granted

exclusive jurisdiction over actions brought under section 516A of the Tariff Act of 1930 ("Tariff

Act"), 19 U.S.C. § 1516a.  In reviewing the Department's decisions in antidumping reviews, the

court will hold unlawful determinations that are "unsupported by substantial evidence on the

record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

### B.  The Contested Decision Must Be Remanded Because It Is Based on an Unreasonable Interpretation of the Department's Regulation

Plaintiff claims that the Department's decision to reject its withdrawal request was

unlawful and seeks as a remedy an order directing Commerce to rescind the administrative

review.  Pl.'s Br. 18.  Plaintiff argues, *inter alia*, that in requiring Baoding to demonstrate that an

extraordinary circumstance prevented a timely withdrawal of its review request, Commerce

applied an unreasonable interpretation of the applicable regulation, 19 C.F.R. § 351.213(d)(1).

Pl.'s Br. 16-18.  The court finds merit in plaintiff's claim.

The antidumping statute provides for the conducting of a periodic review of an

antidumping or countervailing duty order "[a]t least once during each 12-month period beginning

on the date of publication" of such order "if a request for such a review has been received."

19 U.S.C. § 1675(a)(1).  Speaking only in general terms, the statute, although providing for the

conducting of a periodic review upon a "request," does not address the situation in which

Commerce decides to proceed with a review that was initiated upon the request of one or more

parties even though those parties have withdrawn their requests.  This case presents that

situation.[4]

In its regulations governing administrative reviews, Commerce has provided as follows:

> The Secretary will rescind an administrative review under this section, in whole
> or in part, if a party that requested a review withdraws the request within 90 days
> of the date of publication of notice of initiation of the requested review.  The
> Secretary may extend this time limit if the Secretary decides that it is reasonable
> to do so.

19 C.F.R. § 351.213(d)(l).  In August of 2011, Commerce stated as follows in a Federal Register

notice:

> Pursuant to section 351.213(d)(1) of the Department's regulations, a party that has
> requested a review may withdraw that request within 90 days of the date of
> publication of the notice of initiation of the requested review.  The regulation
> provides that the Department may extend this time if it is reasonable to do so.  In
> order to provide parties additional certainty with respect to when the Department
> will exercise its discretion to extend this 90-day deadline, interested parties are
> advised that, with regard to reviews requested on the basis of anniversary months
> on or after August 2011, *the Department will not consider extending the 90-day
> deadline unless the requestor demonstrates that an extraordinary circumstance
> has prevented it from submitting a timely withdrawal request*.  Determinations by
> the Department to extend the 90-day deadline will be made on a case-by-case
> basis.  The Department is providing this notice on its Web site, as well as in its
> "Opportunity to Request Administrative Review" notices, so that interested
> parties will be aware of the manner in which the Department intends to exercise
> its discretion in the future.

*Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity

to Request Administrative Review*, 76 Fed. Reg. 45,773, 45,773 (Int'l Trade Admin.

Aug. 1, 2011) (emphasis added).  In the March 1, 2012, Federal Register notice Commerce

---

[4] This situation is not to be confused with a decision by Commerce to rescind a review
that Commerce self-initiated.  *See* 19 C.F.R. § 351.213(d)(2).

issued to invite parties to request the administrative review and in the April 30, 2012, notice

initiating the review, Commerce provided a nearly identical notice.[5]  *Opportunity to Request*

*Notice,* 77 Fed. Reg. at 12,560; *Initiation,* 77 Fed. Reg. at 25,401.

<u>1.  Commerce Refused to Give Effect to Baoding's Withdrawal of its Review Request</u>

In an August 7, 2012, letter withdrawing its administrative review request, Baoding

claimed that "[e]xtraordinary circumstances exist in this case to extend the 90 day period."

*Baoding's Withdrawal Request* 2-3.  Baoding elaborated as follows:

> [B]oth GEO and Baoding Mantong had requested administrative reviews as to
> Baoding Mantong.  Consequently, a unilateral withdrawal by only one party
> would be of no consequence—withdrawal of administrative review requests by
> both parties must be present to effectuate rescission of the administrative review.
> Given that Baoding Mantong was not aware of GEO's withdrawal of its
> administrative review request as to Baoding Mantong until service of the
> withdrawal request was received by counsel for Baoding Mantong via first class
> mail **<u>after</u>** expiration of the 90 day period, Baoding Mantong had no reason to
> believe that a unilateral withdrawal of its own administrative review request
> would have any impact.  Only after Baoding Mantong received notice of the GEO
> withdrawal of the Baoding Mantong review request, was Baoding Mantong able
> to decide whether to withdraw its own administrative review request or proceed
> with the review.

---

[5] The full text of that notification in the Department's March 1, 2012, Federal Register
notice, which announced the opportunity to request a review, is as follows:

> Pursuant to 19 CFR 351.213(d)(1), a party that has requested a review may
> withdraw that request within 90 days of the date of publication of the notice of
> initiation of the requested review.  The regulation provides that the Department
> may extend this time if it is reasonable to do so. In order to provide parties
> additional certainty with respect to when the Department will exercise its
> discretion to extend this 90-day deadline, interested parties are advised that, with
> regard to reviews requested on the basis of anniversary months on or after March
> 2012, the Department does not intend to extend the 90-day deadline unless the
> requestor demonstrates that an extraordinary circumstance has prevented it from
> submitting a timely withdrawal request.  Determinations by the Department to
> extend the 90-day deadline will be made on a case-by-case basis.

*Opportunity to Request Notice*, 77 Fed. Reg. at 12,560; *see also Initiation*, 77 Fed. Reg.
at 25,401.

*Baoding's Withdrawal Request* 2-3 (emphasis in original).  Baoding also stated that "good reason

exists" for Commerce to grant the untimely withdrawal request, explaining that Commerce

would be able to preserve its limited administrative resources in this proceeding because

Baoding had not yet submitted its response to the Department's questionnaire.  *Id.* at 3.

In a letter denying Baoding's request to rescind the administrative review, issued on

September 27, 2012, Commerce explained that "[w]e do not find the circumstances you describe

to be extraordinary and therefore are unable to grant your request to extend the 90-day deadline."

*Rejection of Baoding's Withdrawal Request* 1.  Commerce elaborated that "[p]ursuant to

19 CFR 351.213(d)(l), because your withdrawal of review request was submitted untimely (*i.e.*,

past the 90 days of the date of publication of the notice of initiation for this administrative

review), Baoding Mantong is subject to this administrative review."  *Rejection of Baoding's

Withdrawal Request* 1.  Because Baoding did not submit responses to the Department's requests

for questionnaires and information, Commerce issued preliminary results that determined,

preliminarily, an antidumping duty margin of 453.79% for Baoding that was based on facts

otherwise available and an adverse inference, pursuant to section 776(b) of the Tariff Act,

19 U.S.C. § 1677e.[6]  *Prelim. Results*, 77 Fed. Reg. at 72,817.

In the Final Results, Commerce made no changes to its preliminary results, assigning

Baoding a margin of 453.79%.  *Final Results*, 78 Fed. Reg. at 20,891.  According to the Issues &

---

[6] Commerce based Baoding's rate on the final rate assigned to Baoding in the preceding (fifth) administrative review.  In that review, Commerce calculated a 0% margin in the initial preliminary results and then issued amended preliminary results (the "post-preliminary results") calculating a preliminary 457.74% dumping margin for Baoding after correcting a calculation error in the original preliminary results.  In the final results of the fifth review, Commerce assigned Baoding a margin of 453.79%.  This Court has set aside the final results of the fifth review as unlawful and remanded the matter for redetermination.  *Baoding Mantong Fine Chemistry Co., Ltd. v. United States*, Court No. 12-00362, Slip Op. 15-123.

Decision Memorandum, Commerce, "[e]xercising its wide discretion" under 19 C.F.R.

§ 351.213(d)(l) to consider Baoding's withdrawal, "evaluated whether extraordinary

circumstances prevented Baoding Mantong from submitting a timely withdrawal request."

*Issues & Decision Mem.* 5.  In support of this position, Commerce cited "the Department's

policy, announced in its *Opportunity to Request Notice* and *Initiation Notice*," which "allows for

extensions of time only where an extraordinary circumstance prevented a party from timely

withdrawing its request for review." *Id.* at 4.  Commerce further explained:

> In the past, extending the 90-day deadline depended on a variety of
> factors, such as whether the Department had devoted significant
> time or resources to the review and the stage of the review.  To
> enhance certainty and fairness, the Department determined to
> apply the 90-day rule except where a requestor could demonstrate
> that an extraordinary circumstance prevented it from timely
> submitting a withdrawal of review request.

*Id.* at 7.  Responding to various arguments raised by Baoding, Commerce "did not find that

extraordinary circumstances existed which prevented Baoding Mantong from filing a timely

withdrawal request." *Id.* at 5.  Specifically, Commerce found that "Baoding Mantong's assertion

that only after it received GEO's withdrawal request was Baoding Mantong 'able to decide

whether to withdraw its own administrative review request or proceed with the review,' does not

present an extraordinary circumstance." *Id.* at 6 (citation omitted in original).  Commerce noted

that "GEO withdrew its request for review of all parties with no knowledge of whether Baoding

Mantong would also withdraw its own request for review." *Id*.  Commerce further reasoned that

"[w]hile Baoding Mantong may have known a timely withdrawal of its request for review would

not guarantee that the review would be rescinded, it also knew that unless it timely withdrew its

request the review would not be rescinded absent extraordinary circumstances." *Id*.  Commerce

also stated that nothing prevented Baoding from submitting a timely withdrawal request to

prepare for the possibility that GEO also submitted a withdrawal request.  *Id.*  Finally,

Commerce claimed that "evidence suggests that it was the final results from the prior

administrative review (*i.e.*, the 2010-2011 administrative review) that influenced Baoding

Mantong's ultimate decision to withdraw its participation in the instant proceeding."  *Id.* at 5-6.

Commerce noted that "Baoding Mantong decided to no longer participate in the instant review

on October 19, 2012, *i.e.*, the day after the final results of the 2010-2011 administrative review

[were] published in the *Federal Register*."  *Id.* at 6.

In response to Glycine & More's arguments concerning the early point in the review at

which Baoding submitted its withdrawal request, Commerce reiterated its position that the

appropriate consideration is whether an extraordinary circumstance prevented Baoding's

submission of a timely withdrawal.  *Id.*  Commerce also cited an opinion of this Court,

*ArcelorMittal Dofasco Inc. v. United States,* 602 F. Supp. 2d 1330, 1336 (2009), for the

proposition that the resources Commerce expends in conducting an administrative review are not

the only consideration that reasonably could affect the Department's decision of whether to

extend the 90-day deadline.  *Id.* at 6-7.  Commerce rejected Glycine & More's argument that the

agency had been inconsistent with regard to the language of 19 C.F.R. § 351.213(d)(1), citing the

*Opportunity to Request Review Notice* and *Initiation Notice* as evidence of the Department's

notice to parties concerning the "extraordinary circumstance" standard for untimely-filed

withdrawals.  *Id.* at 7.  Concerning Glycine & More's allegation of pervasive errors in the

2010-2011 review, Commerce explained that the "preliminary results of the 2010-2011 review,

the release of the post-preliminary results, as well as all comments and rebuttal comments on

such revised results, were known to all parties involved in the instant administrative review well

before the 90-day limit to withdraw review requests."  *Id.* at 8.

2.  The Department's Interpretation of 19 C.F.R. § 351.213(d)(1), Being Inconsistent with the Intent Expressed at the Time of Promulgation, Does Not Qualify for "*Auer*" Deference

Commerce denied effect to Baoding's withdrawal of its review request based on its interpretation of 19 C.F.R. § 351.213(d)(1), as first announced in 2011 and reiterated in the *Opportunity to Request Review Notice* and the *Initiation Notice*.  Adjudicating plaintiff's claim requires the court to decide whether, as a matter of deference, that interpretation is controlling, and, if not, whether the interpretation is otherwise permissible as applied in this case.

The applicable regulation, 19 C.F.R. § 351.213(d)(1), contains two provisions.  It provides, first, that a party's withdrawal of a request for an administrative review will be given effect if that withdrawal occurs within the 90-day period.  19 C.F.R. § 351.213(d)(l) ("The Secretary *will rescind* an administrative review under this section, in whole or in part, if a party that requested a review withdraws that request within 90 days of the date of publication of notice of initiation . . . ." (emphasis added)).  Under this provision, withdrawal is effective if received by Commerce within the 90-day period, and rescission of a requested review as to a producer/exporter will occur if all parties requesting such a review withdraw their requests within the 90-day period.

The second provision in § 351.213(d)(1) provides that "[t]he Secretary may extend this time limit if the Secretary decides that it is reasonable to do so." *Id.*  Placing no limitations on how the Commerce Secretary will decide whether it is reasonable to extend the 90-day time limit, the plain language of the provision connotes wide discretion.

The general rule is that an agency's interpretation of its own regulation is "controlling unless 'plainly erroneous or inconsistent with the regulation.'" *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989), in turn quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)).  However, "this

general rule does not apply in all cases." *Christopher v. SmithKline Beecham*, 132 S.

Ct. 2156, 2166 (2012).  Deference is "unwarranted when there is reason to suspect that the

agency's interpretation 'does not reflect the agency's fair and considered judgment on the matter

in question.'" *Id.* (quoting *Auer*, 519 U.S. at 462 and citing *Chase Bank USA, N.A. v. McCoy*,

562 U.S. 195, 209 (2011)).  "This might occur when the agency's interpretation conflicts with a

prior interpretation . . . ." *Id.* (citing *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 515

(1994).  Analogously, *Auer* deference may be unwarranted if the agency's interpretation conflicts

with the intent the agency expressed at the time of promulgation.  *Thomas Jefferson Univ.*,

512 U.S. at 512 ("[W]e must defer to the Secretary's interpretation unless an 'alternative reading

is compelled by the regulation's plain language or by other indications of the Secretary's intent

at the time of the regulation's promulgation.'") (quoting *Gardebring v. Jenkins,* 485 U.S.

415, 430 (1988)).  Upon reviewing the history and purpose of § 351.213(d)(1), the court

concludes that the Department's latest interpretation is inconsistent with that expressed intent.

    Commerce promulgated the regulation in essentially its current form in 1989, to

implement a 1984 amendment to the Tariff Act providing for periodic reviews of antidumping

orders that would occur upon request; under the previous statute reviews invariably were

conducted for each twelve-month period.  *See* Trade and Tariff Act of 1984, Pub. L. No. 98-573,

§ 611(a)(2), 98 Stat. 2948, 3031.  As promulgated in 1989 (for codification then as 19 C.F.R.

§ 353.22(a)), the regulation, in pertinent part, contained a provision ("subparagraph (5)") that

read as follows:

> (5) The Secretary may permit a party that requests a review under paragraph (a) of
> this section to withdraw the request not later than 90 days after the date of
> publication of notice of initiation of the requested review.  The Secretary may
> extend this time limit if the Secretary decides that it is reasonable to do so.

*Antidumping Duties* (Final rule), 54 Fed. Reg. 12,742, 12,778 (Int'l Trade Admin.

Mar. 28, 1989).  The sentence stating that "[t]he Secretary may extend this time limit if the

Secretary decides that it is reasonable to do so" has been carried over, in identical form, in the

current regulation.  *See* 19 C.F.R. § 351.213(d)(1).

As it related to paragraph (5) of § 353.22(a), Commerce disclosed its "intent at the time

of promulgation," *Thomas Jefferson Univ.*, 512 U.S. at 512, in the preamble accompanying the

final rule.  In the preamble, the purpose stated for paragraph (5) was to allow a party that had

requested a periodic review to be informed of the results of the immediately preceding periodic

review before having to make a final decision as to whether to withdraw its review request.

*Antidumping duties* (Final rule), 54 Fed. Reg. 12,742, 12,755 (Int'l Trade Admin.

Mar. 28, 1989).  Below, the court summarizes the regulatory history of this provision.

In the form in which Commerce issued it as a proposed regulation in 1986, § 353.22(a)

was identical to the regulation as promulgated in 1989, with one exception: the proposed rule did

not include paragraph (5).  *See Antidumping Duties* (proposed rule and request for comments),

51 Fed. Reg. 29,046, 29,051, 29,064 (Int'l Trade Admin. Aug. 13, 1986).  As proposed,

therefore, the provision was silent on the question of whether or how a party that had requested a

review could withdraw its request.  Commerce stated in its preamble to the final rule that "[t]hree

parties argue that the proposed regulation will result in interested parties having to request a new

administrative review before the final determination has been made in an ongoing review" and

that "[o]ne party argues that, as proposed, the regulation will reimpose on the Department the

burden of conducting reviews that no party desires." *Antidumping duties* (Final rule), 54 Fed.

Reg. at 12,755.  Commerce further stated that "[w]e recognize the importance to the party

submitting the request for review of knowing the final results of the immediately preceding

review, if any," and that "*[t]herefore*, we are modifying paragraph (a) to permit the party that

submits a request to withdraw the request under certain conditions."  *Id*. (emphasis added).

Addressing new subparagraph (5), Commerce further explained:

> If a relevant review has not been completed before the end of the anniversary
> month during which the new request is submitted, the party that submitted the
> new request may withdraw it not later than 90 days after the date of publication of
> notice of initiation of the requested review.  The Secretary may extend the time
> limit if it is reasonable to do so.

*Id*.  Thus, by adding subparagraph (5) to the regulation upon promulgation, Commerce addressed

the problem in which a party is faced with the need to decide whether it wants a review before

knowing the final results of the immediately preceding review.  In the first sentence of the

regulation, Commerce allowed the 90-day period on the premise that it would suffice to solve the

stated problem in the ordinary instance.  Due to the stated rationale of paragraph (5), it is

difficult to see why granting at least a brief extension according to the second sentence would *not*

presumptively be reasonable where the preceding review is still ongoing at the close of that

period.

       When making numerous revisions to its regulations in 1997, Commerce placed the

regulation into its current form, redesignating it as § 351.213(d)(1) but making no essential

changes and retaining verbatim the language of the sentence regarding extension of the 90-day

period.  *Antidumping Duties; Countervailing Duties* (Notice of proposed rulemaking and request

for Public Comments), 61 Fed. Reg. 7,308, 7,365 (Int'l Trade Admin. Feb. 27, 1996) ("*1996*

*Proposed Regulations*"); *see id.* at 7,317 ("Section 351.213 is based largely on existing

§[ ] 353.22 . . . .").  In the proposed regulations, published on February 27, 1996, Commerce

provided that "[t]he Secretary may rescind an administrative review under this section, in whole

or in part, if a party that requested a review withdraws the request not later than 90 days after the

date of publication of notice of initiation of the requested review." *1996 Proposed Regulations*,

61 Fed. Reg. at 7,365.  The 1996 proposed regulations, without explanation, omitted the

provision that Commerce might extend the deadline where the Secretary determined it

reasonable to do so.  *See id.*  In the final regulations, promulgated on May 19, 1997, Commerce

reinserted, verbatim, the previous "reasonable to do so" language.  *Antidumping Duties;*

*Countervailing Duties* (Final rule), 62 Fed. Reg. 27,296, 27,393 (Int'l Trade Admin.

May 19, 1997) (codified at 19 C.F.R. § 351.213(d)(l)) ("*1997 Regulations*").  The preamble

accompanying the final 1997 regulations explained that a commenter had suggested that the

regulations allow rescission of an administrative review if "(1) the party that initially requested

the review withdraws its request, and (2) no other party objects to the rescission within a

reasonable period of time."  *1997 Regulations*, 62 Fed. Reg. at 27,317.  In response, Commerce

explained:

> We agree that the 90-day limitation may be too rigid.  However,
> we believe that the Department must have the final say concerning
> rescissions of reviews requested after 90 days in order to prevent
> abuse of the procedures for requesting and withdrawing a review.
> For example, we are concerned with the situation in which a party
> requests a review, the Department devotes considerable time and
> resources to the review, and then the party withdraws its requests
> once it ascertains that the results of the review are not likely to be
> in its favor.
>
> Therefore, in § 351.213(d)(1), we have retained the 90-day
> requirement.  In addition we have added a new sentence, taken
> from 19 CFR §§ 353.22(a)(5) and 355.22(a)(3),[7] that essentially
> provides that if a request for rescission is made after the expiration
> of the 90-day deadline, the decision to rescind a review will be at
> the Secretary's discretion.

---

[7] The provision at 19 C.F.R. § 355.22(a)(3) promulgated in the 1989 version of the
regulations related to the imposition of countervailing duties.  *See* Scope, 19 C.F.R. § 355.1
(1996).

*Id*.

The regulatory history clarifies that current § 351.213(d)(1) was intended to maintain the regulatory scheme of the previous § 353.22(a)(5).  Commerce linked § 351.213(d)(1) to the previous provision, which included paragraph (5), and gave no indication in the 1997 promulgation that the intended purpose of the provision, as Commerce had explained it at the time of the 1989 promulgation, had changed.  The only additional discussion, which Commerce provided in response to the aforementioned comment, concerned the Department's desire to prevent "abuse," such as where "the Department devotes considerable time and resources to the review, and then the party withdraws its requests once it ascertains that the results of the review are not likely to be in its favor."  *Id*.

The Department's 2011 interpretation of § 351.213(d)(1) defeats the originally-stated purpose of the regulation.  Under the new interpretation, as Commerce stated it each time beginning with the initial announcement in 2011, a party no longer may request an extension, however brief, of the 90-day period in order to ascertain the results of the immediately preceding review before deciding whether or not to withdraw its review request.  As a practical matter, the new interpretation leaves open to a party that has requested a review only two choices.  It either must withdraw its request for a review outright within the 90-day period—regardless of whether the results of the preceding review are known—or it must forego any realistic opportunity to do so.  This is because the "exceptional circumstances" test embodied in the Department's 2011 interpretation of § 351.213(d)(1) looks backwards to the 90-day period, and specifically to whether the requestor could have withdrawn its request then, not forward to the time at which the final results of the preceding review might be issued.  Thus, the exceptional circumstances test focuses *only* on whether the party can demonstrate that a circumstance beyond its control

prevented it from effecting a withdrawal within the 90-day period, not the requestor's ability to

know the results of the preceding review.  Being so narrowly focused, the new interpretation

pays no heed to the problem that prompted the issuance of the regulation, which was the

possibility that the final results of the immediately preceding review are delayed and a party

considered it important to know those results before making its decision.  *See Antidumping*

*duties* (Final rule), 54 Fed. Reg. at 12,755 ("We recognize the importance to the party submitting

the request for review of knowing the final results of the immediately preceding review.").

Because the Department's current interpretation of the regulation cannot be reconciled with the

purpose for which the regulation was promulgated, and indeed defeats that purpose, the court

considers that interpretation not to be controlling of the outcome in this case.

   3.  The Department's Interpretation of § 351.213(d)(1) Is Unreasonable as Applied in this Case

       When viewed absent the degree of deference specified in *Auer*, the interpretation of

§ 351.213(d)(1), as applied by Commerce in denying effect to Baoding's withdrawal of its

review request, cannot be sustained upon judicial review.  The record facts of the review

demonstrate this point: the 90-day period for withdrawing requests for review ended on

July 29, 2012 (the notice of initiation having been published on April 30, 2012).  The final

results of the preceding (2010-2011) review were still pending as of that date.[8]  The

Department's interpretation of § 351.213(d)(1) left no means for Baoding to obtain, or even

---

       [8] Commerce published the final results of the preceding review on October 18, 2012.
*Glycine from the People's Republic of China: Final Results of Antidumping Duty Administrative
Review*, 77 Fed. Reg. 64,100 (Int'l Trade Admin. Oct. 18, 2012).  The statute allows a maximum
of 545 days for issuance of the final results of an administrative review, with the time limit
beginning on the last day of the anniversary month of the date of publication of the order, which
for the fifth review was March 31, 2011.  Section 751(a)(3) of the Tariff Act, 19 U.S.C.
§ 1675(a)(3).  Commerce did not adhere to this statutory time limit in conducting the prior
review.

request, an extension of the 90-day period that would have allowed it to know the final results of

the immediately preceding review before making a decision to withdraw, despite the purpose for

the provision that the Department stated upon promulgation.

Moreover, the Department's refusal to recognize Baoding's withdrawal of its review

request, when viewed according to the record facts of this case, is also inconsistent with the

statement Commerce offered in 1997 of its reasons for maintaining the 90-day period and

retaining discretion over extensions.  As discussed previously, Commerce, in responding to a

comment, expressed at that time that it wished to prevent "abuse of the procedures for requesting

and withdrawing a review," such as where "a party requests a review, the Department devotes

considerable time and resources to the review, and then the party withdraws its requests once it

ascertains that the results of the review are not likely to be in its favor."  *1997 Regulations*,

62 Fed. Reg. at 27,317.  Because Baoding sought rescission of the review before submitting its

initial questionnaire response, there is no evidentiary basis on this record from which Commerce

could have concluded that it had devoted "considerable time and resources to the review."  *Id*.

Allowing the extension in this case would have required an extension of only nine days, i.e.,

from July 29 to August 7, 2012.[9]  On these facts, Baoding cannot credibly be characterized as

having committed an "abuse of the procedures for requesting and withdrawing a review."  *Id*.

Glycine & More's statements to Commerce during the administrative proceedings

indicate that Baoding considered the developments in the preceding review significant to its

---

[9] Commerce erroneously determined that GEO's withdrawal of its request for a review of Baoding and other respondents, which was filed on July 30, 2012, was filed on the last day of the 90-day period.  *See Issues & Decision Memorandum* 6 (". . . the Department acknowledges that GEO's withdrawal was submitted on the last day of the 90-day deadline . . . .").  As filed, that withdrawal could have been given effect under § 351.213(d)(l) only by means of a one-day extension of the time period, which under the Department's new interpretation would have required that GEO satisfy the "exceptional circumstances" standard.

decision whether to withdraw its request for the review at issue.  *Glycine & More's Comments on the Prelim. Results* 3-4 (Jan. 7, 2013) (Admin.R.Doc. No. 54).  Glycine & More told Commerce that "pervasive errors contained in the preliminary results of the 2010-2011 administrative review," including the "extraordinary issuance of revised post-preliminary results, and the Department's consideration of new surrogate value information after the preliminary results" in the that review made it difficult for Baoding "to determine whether it was in its own interest to withdraw its administrative review request in the 2011-2012 review."  *Id.* at 5.

In the Issues & Decision Memorandum, Commerce criticized Baoding for deciding not to participate in the review at issue review after becoming aware of the final results of the previous (fifth) review.  Commerce stated that "[e]vidence suggests that it was the final results from the prior administrative review (*i.e.*, the 2010-2011 administrative review) that influenced Baoding Mantong's ultimate decision to withdraw its participation in the instant proceeding," *Issues & Decision Mem.* 5-6, adding that "Baoding Mantong decided to no longer participate in the instant review on October 19, 2012, *i.e.*, the day after the final results of the 2010-2011 administrative review [were] published in the *Federal Register*," *id*. at 6.  In leveling this criticism, Commerce appears to have lost sight of the purpose for which it promulgated the regulation now codified as 19 C.F.R. § 351.213(d)(1).  Commerce also ignored its stated purpose for the regulation in stating in the Issues & Decision Memorandum that the "preliminary results of the 2010-2011 review, the release of the post-preliminary results, as well as all comments and rebuttal comments on such revised results, were known to all parties involved in the instant administrative review well before the 90-day limit to withdraw review requests."  *Id.* at 8.  As the court has discussed, the purpose was to allow a party to know the *final* results of the immediately preceding review before having to decide whether to withdraw a review request.

Defendant and defendant-intervenor raise various arguments in support of the

Department's decision to refuse to recognize Baoding's withdrawal request.  Defendant argues,

for example, that under *Auer v. Robbins*, 519 U.S. at 457, the Department's interpretation is

controlling because it is neither plainly erroneous nor inconsistent with the governing regulation

and because it represented the Department's "fair and considered" judgment on the issue.  Def.'s

Opp'n 8.  Similarly, defendant-intervenor argues that the "reasonable to do so" standard in

19 C.F.R. § 351.213(d)(l) was ambiguous and that Commerce therefore was free to adopt the

"extraordinary circumstance" standard.  Def.-intervenor's Opp'n 15-16.  The court rejects these

and the other arguments these parties present, none of which addresses the critical point that the

interpretation of § 351.213(d)(l) applied to Baoding cannot be reconciled with the purpose of the

regulation, either as Commerce stated it upon promulgation or as Commerce discussed it upon

re-promulgation in 1997.[10]

### 4.  On Remand, Commerce Must Reach a New Decision on Baoding's Withdrawal of its Review Request that Is Based on a Reasonable Interpretation of § 351.213(d)(l)

For the reasons discussed *supra*, the Department's decision declining to give effect to

Baoding's August 7, 2012 withdrawal of its review request and its concomitant decision not to

rescind the review at issue cannot be sustained upon judicial review.  On remand, Commerce

must reach a new decision that does not apply the interpretation of § 351.213(d)(l) Commerce

adopted in 2011, which is unreasonable for the reasons the court has identified, and instead

applies an interpretation that *is* reasonable and, in particular, is consistent with the purpose of the

---

[10] The court rejects defendant-intervenor's argument that *Dongtai Peak Honey Indus. Co. v. United States*, 777 F.3d 1343 (Fed. Cir. 2015), supports affirmance of the decision not to give effect to Badoing's withdrawal of its review request.  *See* Def.-Intervenor's Notice of Supplemental Authority (Feb. 4, 2015), ECF No. 44.  The decision, which affirmed the Department's rejection of an untimely request to extend a deadline for filing of a questionnaire response, and which did not involve 19 C.F.R. § 351.213(d)(l), is not on point.

regulation, as stated by Commerce upon promulgation in 1989 and maintained upon

re-promulgation in 1997.  Commerce also will need to take into consideration the controlling

circumstances, as shown by the record of this case, that (1) Baoding's withdrawal of its review

request occurred only *nine days* after the close of the 90-day period; (2) the review then was at

an early stage, with no questionnaires having been submitted; (3) Baoding could not have known

the results of the immediately preceding review during the 90-day period, which Commerce had

yet to issue as of the expiration of that period; and (4) at the time Baoding submitted the

withdrawal of its review request, all parties who had requested a review had expressed the

position that the review not be conducted.

Under the circumstances shown by the record of this proceeding, it appears likely that

only a decision allowing a nine-day extension, and a consequent rescission of the relevant

review, could fulfill the stated purpose of § 351.213(d)(l).  For although this regulation grants the

Secretary of Commerce discretion over whether to extend the 90-day period, the compelling

circumstances giving rise to this case, when viewed according to the purpose of the regulation,

would call into question any decision on remand reinstating the previous, challenged decision to

deny the extension.

Nevertheless, out of an abundance of caution, and because the regulation imparts the

discretion to decide extension requests to the Commerce Secretary, the court will issue a remand

order under which Commerce is to decide anew the question of whether Baoding's request for a

nine-day extension should be approved.  The court envisions that it could sustain a decision

reinstating the previous, negative decision only if the record were to support a finding of a new

and compelling circumstance, not previously identified by Commerce in the Issues & Decision

Memorandum or elsewhere during the review, that, despite the circumstances the court has

identified, could justify disallowing Baoding's withdrawal.  At this time, the court is not aware

of any such circumstance.

Because the court is remanding the decision to reject Baoding's withdrawal of its request

for review, the court does not adjudicate at this time Glycene & More's other claim in this case,

which contests the Department's decision to assign Baoding a rate of 453.79%.

### III. CONCLUSION AND ORDER

For the reasons discussed in the foregoing, the court remands the final decision ("Final

Results") of the International Trade Administration, U.S. Department of Commerce

("Commerce" or the "Department") in the administrative review of the antidumping duty order

on glycine from the People's Republic of China ("PRC" or "China"), published in *Glycine from

the People's Republic of China*, 78 Fed. Reg. 20,891 (Int'l Trade Admin. Apr. 8, 2013) ("*Final

Results*").  Therefore, upon consideration of all papers and proceedings in this case, and upon

due deliberation, it is hereby

**ORDERED** that the Final Results be, and hereby are, set aside as unlawful and remanded
for further proceedings consistent with this Opinion and Order; it is further

**ORDERED** that Commerce, within sixty (60) days of this Opinion and Order, submit for
the court's review a Remand Redetermination that complies fully with this Opinion and Order; it
is further

**ORDERED** that plaintiff Glycine & More and defendant-intervenor GEO Specialty
Chemicals, Inc. each may file comments on the Remand Redetermination within thirty (30) days
from the date on which the Remand Redetermination is filed with the court; and it is further

**ORDERED** that defendant may file a response within fifteen (15) days from the date on
which the last of any such comments is filed with the court.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated:  November 3, 2015
          New York, New York