Slip Op. 16-96

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GLYCINE & MORE, INC., | |
| Plaintiff, | |
| v. | |
| UNITED STATES, | |
| Defendant, | |
| and | |
| GEO SPECIALTY CHEMICALS, INC., | |
| Defendant-Intervenor. | |

Before: Timothy C.  Stanceu, Chief Judge

Court No.  13-00167

## OPINION

[Affirming a decision of the International Trade Administration, U.S. Department of Commerce, issued in response to court order, on the withdrawal of a request for a periodic review of an antidumping duty order]

Date: Ocotber 11, 2016

*Ronald M. Wisla*, Kutak Rock LLP, of Washington D.C., argued for plaintiff Glycine & More, Inc.  With him on the brief was *Lizbeth R. Levinson*.

*Stephen C. Tosini*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington D.C., argued for defendant United States.  With him on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy,* Assistant Director.  Of counsel on the brief was *Jessica M. Link*, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

*David Michael Schwartz*, Thompson Hine LLP, of Washington D.C., argued for defendant-intervenor GEO Specialty Chemicals, Inc.

Stanceu, Chief Judge:  In this litigation, plaintiff Glycine & More, Inc. ("Glycine &

More") contested the final determination ("Final Results") issued by the International Trade

Administration of the U.S. Department of Commerce ("Commerce" or the "Department") to

conclude an administrative review of an antidumping duty order (the "Order") on glycine from

the People's Republic of China ("PRC" or "China").  Glycine & More, a U.S. importer, imported

glycine produced and exported by its Chinese affiliate, Baoding Mantong Fine Chemistry Co.,

Ltd. ("Baoding"), the sole respondent in the review.  Glycine & More contested the Final Results

on the ground that Commerce unlawfully refused to allow Baoding to withdraw its request that

the review be conducted.

Before the court is the decision ("Remand Redetermination") Commerce issued in

response to the court's opinion and order in *Glycine & More, Inc. v. United States*, 39 CIT __,

107 F. Supp. 3d 1356 (2015) ("*Glycine & More*").  The Remand Redetermination announces the

Department's intention, expressed under protest, to accept Baoding's withdrawal request and

rescind the review with respect to Baoding.  *Final Results of Redetermination Pursuant to Court*

*Remand* (Feb. 2, 2016), ECF No. 50-1 ("*Remand Redetermination*").  The court affirms the

decision reached in the Remand Redetermination.

## I.  BACKGROUND

The court's prior opinion presents background information on this case, which is

summarized briefly and supplemented herein with developments since the issuance of that

opinion.  *See Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1358-60.

### A.  Administrative Proceedings

On March 30, 2012, Baoding and defendant-intervenor GEO Specialty Chemicals

("GEO") filed requests for an administrative review of the Order.  *GEO Request for Admin.*

*Review* (Admin.R.Doc. No. 1); *Baoding Mantong Request for Admin. Review* (Admin.R.Doc.

No. 2).  GEO requested that Commerce review sales of subject merchandise by Baoding and

twenty-five other producer/exporters.  *GEO Request for Admin. Review* 2.  On April 30, 2012,

Commerce initiated a review, covering a period of review ("POR") of March 1, 2011 to

February 29, 2012, and on July 10, 2012 selected Baoding as one of two mandatory respondents.

*See Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for*

*Revocation in Part*, 77 Fed. Reg. 25,401, 25,403 (Int'l Trade Admin. Apr. 30, 2012)

("*Initiation*"); *Respondent Selection Mem.* (July 9, 2012) (Admin.R.Doc. No. 18).  On

July 30, 2012, GEO withdrew its administrative review request as to all twenty-six companies,

including Baoding, *Pet'r's Withdrawal of Request for Admin. Review* (Admin.R.Doc. No. 37),

leaving Baoding's request as the only outstanding request that the review be conducted.

On August 7, 2012, Baoding sought to withdraw its request for the review.  *Baoding's*

*Withdrawal of Admin. Review Request* (Admin.R.Doc. No. 39) ("*Baoding's Withdrawal*

*Request*").  Under the Department's regulation, Commerce rescinds an administrative review if

all requestors withdraw their requests within 90 days of initiation.  19 C.F.R. § 351.213(d)(1).

The regulation provides that "[t]he Secretary may extend this time limit if the Secretary decides

that it is reasonable to do so." *Id.*  Because a withdrawal of a review request would not be given

automatic effect unless made by July 30, 2012, Baoding requested that the Secretary extend the

90-day period.[1]  *Baoding's Withdrawal Request* 2-3.  On September 27, 2012, Commerce

rejected Baoding's withdrawal request on the ground that Baoding had not demonstrated an

extraordinary circumstance warranting an extension of the 90-day period.  *Rejection of*

*Baoding's Withdrawal of its Admin. Review Request* 1 (Admin.R.Doc. No. 47) ("*Rejection of*

*Baoding's Withdrawal Request*").

---

[1] The court's previous opinion and order incorrectly stated this date as July 29, 2012.  *See Final Results of Redetermination Pursuant to Court Remand* 6 n.20 (Feb. 2, 2016), ECF No. 50-1.  As a result, the extension Baoding had sought was an eight-day, not a nine-day, extension as stated in the court's prior opinion and order.

In the Preliminary Results, Commerce determined that Baoding had failed to cooperate to the best of its ability by not responding to the Department's questionnaire and, on the basis of facts available and an adverse inference, determined that Baoding did not qualify for separate rate status. *See Glycine from the People's Republic of China, Prelim. Results of Antidumping Duty Admin. Review and Prelim. Partial Rescission of Antidumping Duty Admin. Review; 2011-2012*, 77 Fed. Reg. 72,817, 72,817 (Int'l Trade Admin. Dec. 6, 2012) ("*Prelim. Results*"). As a result, Commerce assigned Baoding a margin of 453.79%, which was the "PRC-wide" rate Commerce assigned to parties failing to demonstrate independence from the government of China. *Id.* In the Final Results, Commerce made no changes to the preliminary results, again assigning Baoding a margin of 453.79%. *See Glycine from the People's Republic of China: Final Results of Antidumping Duty Admin. Review; 2011-2012*, 78 Fed. Reg. 20,891, 20,892 (Int'l Trade Admin. Apr. 8, 2013) ("*Final Results*").

## B.  Proceedings Before the Court

Glycine & More initiated this action by filing a summons, (Apr. 26, 2013), ECF No. 1, and a complaint, (May 20, 2013), ECF No. 6. The court held oral argument on September 9, 2014. ECF No. 43. The court issued its previous opinion and order on November 3, 2015. *Glycine & More*, Slip Op. No. 15-124. In response, Commerce issued the Remand Redetermination on February 2, 2016. *Remand Redetermination.* Commerce announced, under protest, that it intended "to extend the deadline for withdrawing a request for an administrative review pursuant to 19 CFR 351.213(d)(1), accept Baoding Mantong's untimely withdrawal request, and rescind the review with respect to Baoding Mantong." *Id.* at 1.

Glycine & More and defendant-intervenor GEO submitted comments on the Remand Redetermination on March 3, 2016. Def.-Intervenor's Comments on the Final Results of

Redeterm. Pursuant to Court Remand, ECF No. 52 ("GEO's Comments"); Pl.'s Comments on

Final Remand Results, ECF No. 54 ("Glycine & More's Comments").  Defendant filed a

response to the comments on March 18, 2016.  Def.'s Resp. to the Parties' Remand Comments

(March 18, 2016), ECF No. 55 ("Def.'s Resp.").  Glycine & More supports the Remand

Redetermination; GEO opposes it.

## II.  DISCUSSION

### A.  Jurisdiction and Standard of Review

The court exercises jurisdiction under section 201 of the Customs Courts Act of 1980,

28 U.S.C. § 1581(c), pursuant to which the court reviews actions commenced under

section 516A of the Tariff Act of 1930 (the "Tariff Act"), as amended, 19 U.S.C. § 1516a,

including an action contesting a final determination concluding an antidumping administrative

review.[2]  In doing so, the court "shall hold unlawful any determination, finding, or conclusion

found . . . , to be unsupported by substantial evidence on the record, or otherwise not in

accordance with law . . . ."  19 U.S.C. § 1516a(b)(1)(B)(i).

### B.  The Court's Previous Opinion and Order

In *Glycine & More*, the court held unreasonable the interpretation of the regulation,

19 C.F.R. § 351.213(d)(1), upon which Commerce rejected Baoding's attempted withdrawal of

its review request.  *Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1364-67.  The court noted

that the regulation contains two provisions, one of which gives effect to a party's withdrawal of a

request for an administrative review if the withdrawal occurs within a period of 90 days from the

date of initiation of the review.  *Id.*, 39 CIT at __, 107 F. Supp. 3d at 1364 (citing 19 C.F.R.

---

[2] All citations to the United States Code herein are to the 2012 edition and all citations to
the Code of Federal Regulations are to the 2013 edition except where otherwise indicated.

§ 351.213(d)(1)).  The second provision, the court noted, "provides that '[t]he Secretary may

extend this time limit if the Secretary decides that it is reasonable to do so.'"  *Id.* (citing

19 C.F.R. § 351.213(d)(1))[3].

Under the interpretation of § 351.213(d)(1) that Commerce applied in this case, and as

first stated by Commerce in August 2011, Commerce will not extend the 90-day period provided

in § 351.213(d)(1) "unless the requestor demonstrates that an extraordinary circumstance has

prevented it from submitting a timely withdrawal request."  *Antidumping or Countervailing Duty*

*Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*,

76 Fed. Reg. 45,773, 45,773 (Int'l Trade Admin Aug. 1, 2011).  Tracing the history of the

regulation, the court concluded that the "extraordinary circumstance" interpretation, as applied in

this case, defeated the very purpose for which Commerce included the second provision.

*Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1367.  That purpose, the court concluded, was

to allow a party to know the results of the immediately preceding review before making a

decision on whether to withdraw a review request.  *Id.*, 39 CIT at __, 107 F. Supp. 3d at 1365

(citing *Antidumping Duties* (Final rule), 54 Fed. Reg. 12,742, 12,755 (Int'l Trade Admin.

Mar. 28, 1989)).  As the court stated, "[t]he Department's interpretation of § 351.213(d)(1) left

no means for Baoding to obtain, or even request, an extension of the 90-day period that would

have allowed it to know the final results of the immediately preceding review before making the

decision to withdraw, despite the purpose for the provision that the Department stated upon

promulgation."  *Id.*, 39 CIT at __, 107 F. Supp. 3d at 1368.  The court observed that the final

---

[3] Section 351.213(d)(1) reads as follows: "The Secretary will rescind an administrative
review under this section, in whole or in part, if a party that requested a review withdraws the
request within 90 days of the date of publication of notice of initiation of the requested review.
The Secretary may extend this time limit if the Secretary decides that it is reasonable to do so."
19 C.F.R. § 351.213(d)(1).

results of the immediately preceding, i.e., fifth, administrative review had not been issued as of

the closing of the 90-day period and instead were not published until October 18, 2012.  *Id.*,

39 CIT at __, 107 F. Supp. 3d at 1368 & n.8.  The court stated, further, that "Glycine & More's

statements to Commerce during the administrative proceedings indicate that Baoding considered

the developments in the preceding review significant to its decision whether to withdraw its

request for the review at issue."  *Id.*, 39 CIT at __, 107 F. Supp. 3d at 1368 (citing *Glycine &*

*More's Comments on the Prelim. Results* 3-4 (Jan. 7, 2013) (Admin.R.Doc. No. 54)).

In *Glycine & More*, the court ordered Commerce to "decide anew the question of whether

Baoding's request for a nine-day extension should be approved."  *Id.*, 39 CIT at __, 107 F.

Supp. 3d at 1370.  The court instructed that Commerce, in doing so, is to

> consider the controlling circumstances, as shown by the record in this case, that:
> (1) Baoding's withdrawal of its review request occurred only *nine days* after the
> close of the 90-day period;[4] (2) the review then was at an early stage, with no
> questionnaires having been submitted; (3) Baoding could not have known the
> results of the immediately preceding review during the 90-day period, which
> Commerce had yet to issue as of the expiration of that period; and (4) at the time
> Baoding submitted the withdrawal of its review request, all parties who had
> requested a review had expressed the position that the review not be conducted.

*Id.*  The court added that it "envisions that it could sustain a decision reinstating the previous,

negative decision only if the record were to support a finding of a new and compelling

circumstance, not previously identified by Commerce . . . , that, despite the circumstances the

court has identified, could justify disallowing Baoding's withdrawal."  *Id.*

---

[4] As the court explained previously, *see* n.1, *supra*, the extension Baoding had sought was
an eight-day, not a nine-day, extension as stated in *Glycine & More*.

C.  The Department's New Decision to Extend the 90-Day Period and Rescind the Review With
Respect to Baoding

In the Remand Redetermination, Commerce stated that "because we have not identified

any 'new and compelling circumstance,' . . . we intend to extend the deadline set forth in

19 C.F.R. § 351.213(d)(1), accept Baoding Mantong's otherwise untimely withdrawal of review

request, and rescind the review with respect to Baoding Mantong."  *Remand Redetermination* 6.

Commerce stated that it would take these actions "under protest" and that it respectfully

disagreed "with the Court's holding."  *Id.*  Below, the court explains why it will affirm the

Department's decision to accept the withdrawal of review request and rescind the review with

respect to Baoding.  The court explains, further, that in doing so it does not affirm all of the

Department's statements in the Remand Redetermination, some of which misinterpret the

holding in *Glycine & More*.

D.  Affirmance of the Department's Decision to Extend the Due Date and Rescind the Review
With Respect to Baoding

The controlling circumstances shown by the record in this case, as outlined by the court

in *Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1364-70, support a decision to accept

Baoding's withdrawal request and rescind the review with respect to Baoding.  That the results

of the immediately preceding review were not yet published as of the close of the 90-day period

is important among those circumstances, for it is precisely the factual situation the Department

contemplated upon originally promulgating the provision allowing extensions of the 90-day

period.  Also, Baoding's request was made sufficiently early that Commerce could not yet have

devoted significant resources to the review.  There is no record evidence that Commerce had

done so, and Commerce did not rely on an expenditure of resources in its initial denial of

Baoding's request.  To the contrary, Commerce proceeded to expend its valuable resources,

unnecessarily, by conducting a review of Baoding even though the parties at interest had expressed the intent that the review not be conducted.

Further, Commerce concluded in the Remand Redetermination that the record did not present a "new and compelling circumstance" supporting the rejection of Baoding's request.  As a result, the sole factor weighing against acceptance of the request was the Department's earlier conclusion that Baoding failed to demonstrate that an extraordinary circumstance prevented it from submitting a withdrawal request within the 90-day period.  That factor, according to the reasoning in *Glycine & More*, was at odds with the purpose Commerce identified when it promulgated the provision allowing the 90-day period to be extended.  The decision reached in the Remand Redetermination to accept the request and rescind the review with respect to Baoding is, therefore, supported by substantial record evidence.

Below, the court explains why it does not agree with every statement Commerce made in the Remand Redetermination.  However, because the decision Commerce reached, albeit under protest, is supported by substantial evidence on the administrative record, is adequately explained, and is otherwise in accordance with law, the court will affirm the Department's decision to accept the withdrawal request and, accordingly, rescind the review with respect to Baoding.

### E.  The Department's Interpretation of the Holding in *Glycine & More*

In the Remand Redetermination, Commerce construed *Glycine & More* to hold that 19 U.S.C. § 351.213(d)(1) must be interpreted to require Commerce to extend the time limit whenever the immediately preceding review is ongoing.  *Remand Redetermination* 7. Commerce stated that it disagreed with such a conclusion because "an interpretation of this provision which requires the Department to extend the time limit when the immediately

preceding review is ongoing would, in our view, effectively nullify the Department's 'wide

discretion.'" *Id.* (citing *Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1364).  Commerce

stated, further, that:

> [W]e disagree with the Court that the purpose of the regulation was to allow a
> party to know the final results of the immediately preceding review before having
> to decide whether to withdraw a review request.  Rather, we find that the purpose
> of the regulation was, and continues to be, to ensure the Department would be
> able to maintain maximum discretion in determining whether to extend the 90-day
> deadline.

*Remand Redetermination* 8.

　　*Glycine & More* did not hold that Commerce lacked any discretion under § 351.213(d)(1)

to deny a request when the results of the immediately prior review are not yet known.

Commerce, therefore, interprets the holding of *Glycine & More* too broadly.  The court's holding

does not "nullify" the Department's discretion.  For example, a situation could exist in which a

respondent requests an extension of the 90-day period after Commerce has expended

considerable time and resources in the current review and the respondent seeks to withdraw its

review request after concluding that the results are not likely to be in its favor.  In the preamble

to its 1997 amendments to its regulations, a portion of which the court quoted in *Glycine &*

*More*, 39 CIT at __, 107 F. Supp. 3d at 1366, Commerce recognized this situation as an example

of abuse of the procedures for requesting and withdrawing a review.  *See id.* (quoting

*Antidumping Duties; Countervailing Duties* (Final rule), 62 Fed. Reg. 27,296, 27,393 (Int'l

Trade Admin. May 19, 1997)).  In that preamble, Commerce stated that to prevent such abuse,

"the Department must have the final say concerning rescissions of reviews requested after 90

days . . . ." *Id.*

　　The situation Commerce identified in the preamble to the 1997 amendments as an abuse

of the procedures for requesting and withdrawing reviews could occur even though the final

results of the immediately prior review are not yet known to the respondent.  Such a respondent,

having participated in both reviews, could have reason to conclude that the results of the current

review are likely to be less favorable to it than the pending final results of the preceding one.

Such a scenario differs from situation presented in this case, in which there is no indication, and

no finding by Commerce, that Baoding abused the procedures for requesting and withdrawing a

review.  In *Glycine & More*, the court analyzed the regulatory history of the second sentence of

19 U.S.C. § 351.213(d)(1) to observe, in *dicta*, that "it is difficult to see why granting at least a

brief extension due to the second sentence would *not* presumptively be reasonable where the

preceding review is still ongoing at the close of that period."  *Id.*  As shown by the court's use of

the word "presumptively," the court did not foreclose the possibility that abuse of the procedures

in some cases could render an extension unwarranted even if the final results of the preceding

review were still pending.  Rather than view the pending status of the immediately prior review

as a single fact that controlled the outcome of this case, the court remanded the Final Results for

reconsideration based on all of the relevant circumstances.

### E.  The Court Does Not Find Merit in GEO's Objections to the Remand Redetermination

GEO challenges the Department's determination on remand.  Specifically, GEO argues

that the Remand Redetermination is contrary to this court's opinion and order in *Glycine &*

*More*, in which the court stated that:

> "it could sustain a decision reinstating the previous, negative decision only if the
> record were to support a finding of a new and compelling circumstance, not
> previously identified by Commerce in the Issues & Decision Memorandum or
> otherwise during the review that, despite the circumstances the court has
> identified, could justify disallowing Baoding's withdrawal."

GEO's Comments 1-2 (quoting *Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1370).  GEO

identifies what it believes are two such "new and compelling" circumstances on the record that

had not been previously addressed by Commerce.  *See* GEO's Comments 2.  GEO submits that

each of the circumstances it identifies requires the court to remand the matter to Commerce a

second time. *Id.* at 2-3.  The court disagrees.

First, GEO argues that "[t]he Court omitted in its opinion a critical portion of the 1997

preamble of the revised regulation that, if included, would significantly undermine the Court's

position that the 1989 preamble still provides the regulation's stated purpose . . . ." *Id.* at 3.

GEO cites the language from the 1997 preamble quoted by the court and identifies one sentence

omitted from the court's quotation as an alleged "new and compelling" circumstance meriting

reconsideration by Commerce. The portion of the 1997 preamble quoted by the court in its

opinion and order in *Glycine and More*, with highlighting showing the sentence the court omitted

from its quotation, is as follows:

> We agree that the 90-day limitation may be too rigid.  However, we believe that
> the Department must have the final say concerning rescissions of reviews requested after
> 90 days in order to prevent abuse of the procedures for requesting and withdrawing a
> review.  For example, we are concerned with the situation in which a party requests a
> review, the Department devotes considerable time and resources to the review, and then
> the party withdraws its requests once it ascertains that the results of the review are not
> likely to be in its favor.  *To discourage this behavior, the Department must have the
> ability to deny withdrawals of requests for review, even in situations where no party
> objects.*
>
> Therefore, in § 351.213(d)(1), we have retained the 90-day requirement.  In
> addition, we have added a new sentence, taken from 19 CFR §§ 353.22(a)(5) and
> 355.22(a)(3), that essentially provides that if a request for rescission is made after the
> expiration of the 90-day deadline, the decision to rescind a review will be at the
> Secretary's discretion.

*Antidumping Duties; Countervailing Duties* (Final rule), 62 Fed. Reg. 27,296, 27,317 (Int'l

Trade Admin. May 19, 1997).

The court does not find merit in GEO's first argument.  GEO is not correct in arguing that

the sentence the court omitted from the quotation in the *Glycine & More* opinion "would

significantly undermine the Court's position that the 1989 preamble still provides the

regulation's stated purpose . . . ," GEO's Comments 3.  The purpose of allowing extensions, as

first enunciated by the Department in 1989, was to address "the problem in which a party is

faced with the need to decide whether it wants a review before knowing the final results of the

immediately preceding review." *Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1366.  As the

court discussed previously in this Opinion, the purpose Commerce originally identified for the

second sentence in the regulation, i.e., to allow a party to know the results of the immediately

preceding review before making its decision as to withdrawal, is not inconsistent with the

Department's stated objective of discouraging abuse of its procedures for requesting and

withdrawing reviews.  The omitted sentence, whether read alone or in context, does not state or

imply to the contrary.  Nor does the 1997 preamble indicate that Commerce was changing its

intended purpose in continuing to allow a party to obtain an extension of the 90-day period.

GEO grounds its second argument for a "new and compelling circumstance" in the

court's discussion in *Glycine & More* of the two choices facing a party seeking to withdraw a

review request: "[i]t either must withdraw its request for a review outright within the 90-day

period, regardless of whether the results are known, or it must forego any realistic opportunity to

do so."  GEO's Comments 4 (citing *Glycine & More*, 39 CIT at __, 107 F. Supp. 3d at 1367).

According to GEO, there is a third option "whereby a party could request in a timely manner an

extension of the withdrawal deadline *before* the 90-day withdrawal deadline and that request

could be for an extension of that deadline until the final results of the prior review are

ascertained."  *Id.*  GEO argues that the availability of this "third option" is a "new and

compelling" circumstance that Commerce failed to address and now should be required to

address.  *Id.* at 5-6.

The "third option" GEO describes is not available to a party in Baoding's position.

Under the interpretation of § 351.213(d)(1) that Commerce adopted in 2011, and expressly

applied in the review at issue, Commerce as a general matter accepts withdrawal requests only if

filed within the 90-day period, regardless of whether the results of the immediately preceding

review have been issued.  The only exception Commerce will allow is where a requestor

demonstrates that an extraordinary circumstance *prevented* it from filing its withdrawal request

within the 90-day period.  *See id.*, 39 CIT at __, 107 F. Supp. 3d at 1363.  Lack of knowledge of

the final results of the immediately preceding review could not reasonably be described as a

"circumstance," let alone an "extraordinary" one, that could *prevent* a withdrawal request from

being filed within the 90-day period.  Therefore, the 2011 policy announcement, which

Commerce referenced when announcing the opportunity to request the subject review and

reiterated upon initiating this review, precludes the third option upon which GEO relies for its

position.

### III. CONCLUSION

For the reasons discussed above, the court concludes that substantial evidence on the

record supports the Department's intention to extend the 90-day period set forth in 19 C.F.R.

§ 351.213(d)(1), to thereby accept Baoding's withdrawal request, and to rescind the review with

respect to Baoding.  Judgment will enter accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated:  October 11, 2016
        New York, New York